# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 2180 | **DATE** | 11/21/2002 |
| **CASE TITLE** | S.E.C. vs. Buntrock | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Motion to dismiss is [35-1] denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV. 2 6 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 59 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 NOV 25 AM 8:46 | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
NOV 2 6 2002

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 02 C 2180 |
| v. | ) ) | Wayne R. Andersen |
| DEAN L. BUNTROCK, PHILLIP B. ROONEY, JAMES E. KOENIG, THOMAS C. HAU, HERBERT A. GETZ, and BRUCE D. TOBECKSEN, | ) ) ) ) ) ) | District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the defendants to dismiss the plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants claim that dismissal is warranted because a quorum of the Commissioners failed to authorize this lawsuit. For the following reasons, the motion to dismiss is denied.

### BACKGROUND

On March 26, 2002, the Securities and Exchange Commission ("SEC" or "the Commission") instituted this civil action against the defendants, the highest-ranking officers of Waste Management, Inc. ("Waste Management"). The complaint alleges that the defendants falsified Waste Management's earnings and other measures of financial performance. It further claims that the defendants improperly eliminated or deferred current period expenses in order to inflate earnings and that they used one-time gains realized on the sale or exchange of assets to eliminate unrelated current period operating expenses. The Commission asserts that these acts

59

violated section 17(a) of the Securities Act of 1933 ("Securities Act"), section 10(b) and 13(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as well as Exchange Act rules 10b-5, 12b-20, 13a-1, and 13a-13.

In February 1998, Waste Management acknowledged past accounting errors and announced that it would restate its financial statements for the period 1992 through the first three-quarters of 1997 (the "Restatement"). The Restatement acknowledged that Waste Management had overstated its net after-tax income by over $1 billion. The Commission claims that the overstatement of earnings resulted in a shareholder loss of $6 billion in market value when the stock price plummeted from $35 to $22 per share. The defendants allegedly received ill-gotten gains from their bonuses, retirement benefits, trading, and charitable giving. These benefits allegedly range from $403,779 for Mr. Tobecksen to $16,917,761 for Mr. Buntrock.

The Commission is seeking disgorgement of any ill-gotten gains and civil monetary penalties. It requests that each of the defendants pay penalties pursuant to section 20(d) of the Securities Act and section 21(d)(3) of the Exchange Act. The Commission further requests, pursuant to section 21A of the Exchange Act, that defendants Buntrock and Rooney pay penalties in the amount of three times any illegal trading profits gained or losses avoided.

At the time Commissioner Isaac Hunt initiated the enforcement action, he was the only eligible Commissioner to participate on the matter. The Commission had only three Commissioners at that time, and two of them, Chairman Harvey Pitt and Cynthia Glassman, had conflicts of interest. Chairman Pitt, while in private practice, represented Arthur Andersen, Waste Management's auditor prior to the Restatement. Commissioner Glassman, prior to her

appointment to the Commission, was employed by Ernst & Young, Waste Management's auditor at the time of the Restatement.

In early July 2002, defense counsel telephoned counsel for the Commission and asked how this enforcement action had been authorized. On July 9, 2002, Commission counsel informed defense counsel that this action had been authorized by Commissioner Hunt, acting as duty officer. The defendants filed a motion to dismiss six days later.

## STANDARD OF REVIEW

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). In reviewing a 12(b)(1) motion to dismiss, the Court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exits. See United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996) (citing Bowyer v. United States Dep't of Air Force, 874 F.2d 632, 635 (7th Cir. 1989)). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dep't of Labor, 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. See Thomson v. Gaskill, 315 U.S. 442, 62 S.Ct. 673 (1942). It is with these principles in mind that we address the motion before us.

## DISCUSSION

The motion to dismiss argues that the Commission's actions were not appropriate under its own quorum rules. Three commissioners were in office when the enforcement action was

3

initiated, yet, only one, Commissioner Hunt, approved the action. The SEC responds that Commissioner Hunt acted under the "duty officer" rule. Section 4A of the Exchange Act grants the Commission the authority to delegate non-rulemaking functions to one Commissioner. The Commission promulgated Rule 43, the "duty officer" rule, to allow for such delegation. See 17 C.F.R. § 200.43. Defendants also argue that the duty officer rule is void, since it was promulgated pursuant to a repealed statute, and that the duty officer rule cannot be invoked in this case since the Commission did not comply with the procedural requirements of Rule 43. However, the SEC contends that the August 2002 ratification of Commissioner Hunt's action by a quorum of the Commission renders defendants' arguments about the duty officer moot. Defendants then respond that, because the statute of limitations on civil monetary penalties expired between the time Commissioner Hunt initiated this lawsuit and the time that the newly appointed Commissioners ratified his action, the ratification has no legal effect.

### A. Validity of SEC Rule 43

Defendants assert that Rule 43 is invalid because it was promulgated on the basis of legislation that has since been repealed and the SEC has failed to reissue a regulation based upon the new statute. Rule 43(a)(1) states:

> Pursuant to the provisions of Pub. L. No. 87-592, 76 Stat. 394, as amended by § 25 of Pub. L. 94-29, 89 Stat. 163, the Commission hereby delegates to an individual Commissioner, to be designated as the Commission's "duty officer" by the Chairman of the Commission (or by the Chairman's designee) from time to time, all of the functions of the Commission . . . .

17 C.F.R. § 200.43(a)(1). In 1987, after the issuance of SEC Rule 43, P.L. 87-592 was repealed by P.L. 100-181. See 101 Stat. 1249, § 308(a) (1987). The SEC did not subsequently issue a new duty officer order pursuant to the new statute.

4

Defendants cite <u>Aerolineas Argentinas v. United States</u>, 77 F.3d 156 (Fed. Cir. 1996), to support their contention that SEC Rule 43 is null and void, but <u>Aerolineas Argentinas</u> involved a direct conflict between old regulations and new legislation. With regard to the instant case, Congress did not enact P.L. 100-181 for the express purpose of invalidating SEC Rule 43 or limiting the delegation authority of the SEC. In fact, the new law made only minor changes to the delegation provisions of P.L. 87-592, substituting the phrase "administrative law judge" for "hearing examiner." The Senate Report accompanying the bill stated that the additions would not make any substantive changes in current law. S. Rep. No. 100-105, at 20 (1987), reprinted in 1987 U.S.C.C.A.N. 2089, 2108. The re-enactment of the same statute without substantive change does not deprive the regulations of legal validity. See <u>United States v. Sheffield Board of Comm'rs</u>, 435 U.S. 110, 134, 98 S.Ct. 965 (1978). Thus, we conclude that SEC Rule 43 is not invalid.

### B. Commission Compliance with SEC Rule 43

SEC Rule 43 allows an individual Commissioner to be designated as the Commission's duty officer by the Chairman of the Commission. In this case, the SEC claims that Commissioner Hunt was acting as duty officer when he authorized the enforcement action against the defendants. Defendants, however, assert that no evidence has been offered to prove Commissioner Hunt was appointed as deputy officer. The SEC has not indicated when or by whom Hunt was appointed.

The parties also dispute the meaning of the "urgency" requirements of 43(b)(1). The disputed provision states:

> The authority delegated by this rule shall be exercised when, in the opinion of the duty officer, action is required to be taken which, by reason of its urgency, cannot practicably be scheduled for consideration at a Commission meeting. After consideration of a staff recommendation involving such a matter, the duty officer shall forthwith report his or her action thereon to the Secretary.

17 C.F.R. § 200.43(b)(1).

Contrary to defendants' assertions, 43(b)(1) does not require a "reasonable belief" of urgency. It defers to the opinion of the duty officer that action is warranted by urgent circumstances. In Ernst & Young, the duty officer could not provide any plausible explanation as to why initiating the proceeding at that time was an urgent action that could not be scheduled for Commission consideration. The administrative law judge noted that there were no statute of limitations concerns, and, thus, dismissed the action without prejudice. The Commission subsequently initiated new proceedings that are substantially similar to those that were dismissed.

With regards to the instant case, the SEC has identified statute of limitations concerns as the basis for urgency. The enforcement action was initiated on March 26, 2002 and it sought monetary penalties against all of the defendants. Suits for civil monetary penalties under the securities acts for primary violations must be brought within five years of the time of violation. See 28 U.S.C. § 2462. The last alleged act of fraudulent misstatement was on May 8, 1997 and the last alleged sales by Rooney and Buntrock in violation of insider trading rules were on April 18, 1997 and August 13, 1997, respectively. Commissioner Hunt could not practicably schedule this matter for a future Commission meeting because there was a great deal of uncertainty as to when a non-conflicted Commissioner would be appointed and confirmed by the Senate. These statute of limitations concerns support the duty officer's finding of urgency and argue against the

alternative, recently suggested by defense counsel, of initiating new proceedings in the model of Ernst & Young.

On August 14, 2002, a quorum of the Commission approved the determination of the duty officer to commence this action. The Commission's decision to affirm the duty officer's action is conclusive of any objections concerning the appropriateness of the duty officer's decision. Rule 43(c)(2) enables any person to petition the full Commission to "review any unaffirmed action taken by a duty officer." Defendants were aware, prior to filing their motion to dismiss, that Commissioner Hunt was purporting to act pursuant to the duty officer rule, but they chose not to exhaust their administrative remedies. Defendants allege improprieties, but, in the absence of clear evidence to the contrary, it must be assumed that the Commission adhered to its own rules and exercised its discretion as Congress intended. See United States v. Chemical Found., Inc., 272 U.S. 1, 14-15, 47 S.Ct. 1 (1926). It is well-settled that an agency's construction of its own regulations is entitled to substantial deference, and its interpretation is controlling unless plainly erroneous and inconsistent with the regulation. See Global Relief Found., Inc. v. O'Neill, 207 F. Supp. 2d 779, 792 (N.D. Ill. 2002) (citing Stinson v. United States, 508 U.S. 36, 113 S.Ct 1913 (1993)).

## CONCLUSION

The SEC has made serious allegations in this case. If the complaint survives the still-pending motions to dismiss, then these allegations need to be addressed on the merits so that any wrongly accused defendants can be exonerated and any properly accused defendants held accountable. This will be the focus of this Court and this lawsuit.

This complaint, construed in the light most favorable to the plaintiff, is within the subject matter jurisdiction of this Court. The duty officer rule is a valid means of delegation of the Commission's authority to initiate enforcement actions. Commissioner Hunt acted pursuant to the duty officer rule and his action was subsequently affirmed by the Commission. The defendants failed to utilize the review provisions of Rule 43, which allows any person to petition the Commission to review the propriety of the duty officer's actions. The motion to dismiss for lack of subject matter jurisdiction is denied.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: November 21, 2002