## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 2 C 2180 | DATE | January 29, 2003 |
| CASE TITLE | S.E.C. vs. Dean L. Buntrock et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter **MEMORANDUM, OPINION AND ORDER: The motion for certification is [71-1] granted. This Court's order of 11/21/2002 is certified to the Seventh Circuit Court of Appeals for interlocutory review.**

(11) ■ [For further detail see order attached to the original minute order.]

☐ No notices required, advised in open court.
☐ No notices required.
☐ Notices mailed by judge's staff.
☐ Notified counsel by telephone.
✓ Docketing to mail notices.
☐ Mail AO 450 form.
☐ Copy to judge/magistrate judge.

courtroom deputy's initials: TSA

date docketed: FEB - 3 2003

Document Number: 74

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
FEB 3 2003

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) ) DEAN L. BUNTROCK, PHILLIP B. ) ROONEY, JAMES E. KOENIG, ) THOMAS C. HAU, HERBERT A. ) GETZ, and BRUCE D. TOBECKSEN, ) ) Defendants. ) | No. 02 C 2180 Wayne R. Andersen District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the defendants for certification pursuant to 28 U.S.C. § 1292(b). In the motion, the defendants have asked this Court to do something it has never agreed to do - certify an interlocutory appeal. For the following reasons, the motion for certification is granted.

### BACKGROUND

The defendants in this case have been investigated and sued by the United States Securities and Exchange Commission ("SEC"), a process which is expensive and debilitating to them in many respects. It is uncontested that this action was originally brought in the name of the SEC without a concurrence of a majority of the SEC Commissioners and that the subsequent ratification of this action by a majority of SEC Commissioners came well after the statute of limitations had run on the substantive federal securities law claims. The circumstances

1

74

surrounding the initiation of the SEC's enforcement action prompted the defendants to move to dismiss the complaint for lack of subject matter jurisdiction. This Court denied that motion on November 21, 2002.

On December 13, 2002, the defendants filed the instant motion requesting that we certify to the United States Court of Appeals for the Seventh Circuit an interlocutory appeal of the issues raised in their motion to dismiss. Specifically, they seek an order certifying the following two questions: 1) If the SEC invokes this Court's jurisdiction under the duty officer rule, may the Court assume that the duty officer formed an opinion regarding urgency at the time the action was authorized as required under Rule 43(b)(1), 17 C.F.R. § 200.43(b)(1)?; and 2) Does Rule 43(c), 17 C.F.R. § 200.43(c), allow the SEC to cure an action of the duty officer which was taken in violation of Rule 43(b)(1) in the first instance? Both parties submitted briefs on the motion and the issue is now ripe for decision.

## DISCUSSION

The denial of a motion to dismiss for lack of subject matter jurisdiction is not a "final decision" from which an immediate appeal is available under 28 U.S.C. § 1291. *Cherry v. University of Wisc. Sys. Bd. of Regents*, 265 F.3d 541, 546 (7th Cir. 2001). However, 28 U.S.C. § 1292(b) provides for interlocutory appeals of certain otherwise non-appealable orders. Pursuant to this provision, a litigant may not file a petition for permission to appeal with the circuit court until the district court judge has certified that, in his or her opinion, the order at issue satisfies the following four statutory criteria: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). The Seventh Circuit has

instructed district courts not to certify interlocutory orders under Section 1292(b) "[u]nless all these criteria are satisfied . . . ." *Id.* at 676. Because interlocutory appeals "tend to cause unnecessary delays in the lower court's proceedings and tend to waste overburdened judicial resources," "'permission to take [such] an . . . appeal should be granted sparingly and with discrimination.'" *Lakeside Feeders, Ltd. v. Chicago Meat Processors, Inc.*, 35 F. Supp. 2d 638, 643 (N.D. Ill. 1999) (citing *Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998)); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473-74, 98 S.Ct. 2454 (1978).

I.   **Are there questions of law?**

The first statutory requirement for an interlocutory appeal pursuant to Section 1292(b) is that there must be a question of law. In *Ahrenholz*, the Seventh Circuit stated that a "question of law" for purposes of Section 1292(b) "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. . . ." 219 F.3d at 676. The court then stated that interlocutory appeals should be reserved for "'pure' qeustion[s] of law rather than merely to an issue that might be free from a factual contest." *Id.* at 677. "To summarize its holding on this point, the court stated that a 'question of law means an abstract legal issue . . . .'" *Gierum v. Kontrick*, 2002 WL 226857, at *3 (N.D. Ill. Feb. 14, 2002) (quoting *Ahrenholz*, 219 F.3d. at 677).

There is little doubt that the issues presented in the motion to dismiss with respect to the SEC's invocation of the "duty officer rule" (Rule 43) are questions of law. Unlike in *Ahrenholz*, where the district court certified the question of whether it was correct in denying summary judgment for the defendant, our conclusions regarding the SEC's urgency determination as well as our finding that the ratification of the enforcement action by the full SEC was proper are

3

"pure" questions of law. Either the authorization of the enforcement action by Commissioner Hunt was sanctioned by the SEC regulations or it was not. Similarly, the ratification of the enforcement action by the full SEC was either legally proper or it was not. We are confident the Court of Appeals will be able to analyze these legal issues without needing to study the developed record in this case.

## II. Are the issues controlling?

Federal courts are courts of limited jurisdiction. *See Hay v. Indiana State Bd. of Tax Comm'rs.*, 312 F.3d 876, 878 (7th Cir. 2002). They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *See Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). If the procedural requirements of a statute under which a party seeks to invoke a federal court's jurisdiction are not satisfied, then the court logically does not have subject matter jurisdiction to consider the case.

In this case, we ruled that the SEC did comport with the procedural dictates of the duty officer rule as well as the Securities and Exchange Act when it filed the enforcement action against the defendants. In other words, we concluded that we had subject matter jurisdiction over this case. However, as the defendants have made clear, they respectfully contend that this threshold finding was in error. They may be right. If the Seventh Circuit decides to accept this interlocutory appeal and concludes that our jurisdictional ruling was incorrect, then this case will be dismissed. Therefore, we find that the issues presented for interlocutory appeal are controlling questions of law.

## III. Is there substantial grounds for a difference of opinion?

The third Section 1292(b) factor requires an analysis of whether the issues presented for

certification are contestable, or, in other words, that substantial grounds for a difference of opinion on the issues exist. In this case, there is no doubt that this factor is satisfied. There is a dearth of caselaw addressing both the legality of regulatory actions initiated by fewer than a majority of commissioners and the efficacy of subsequent ratification by a fully constituted regulatory entity. This alone should be sufficient to demonstrate that there could be a difference of opinion on the issues we addressed in our order. However, the recent interplay between the SEC and its administrative law judge regarding Rule 43(b)(1) truly carries the day on this factor.

In *In re Ernst & Young, LLP*, SEC Release No. 600 (July 2, 2002), the SEC's Chief Administrative Law Judge dismissed an administrative action against Ernst & Young because the SEC failed to make the necessary showing under Rule 43(b)(1) that the duty officers acted because of "urgency." The judge held that, because there was no showing of urgency, Commissioner Hunt was not authorized to approve the filing of the enforcement action pursuant to the duty officer rule, and she dismissed the lawsuit. A few months later, the SEC unilaterally vacated the *Ernst & Young* decision on procedural grounds, but we suspect the SEC was not pleased with the limitations the administrative law judge's decision imposed on the Commission's ability to authorize enforcement actions through the duty officer rule. Thus, the fact that there is a difference in opinion between the SEC and its own administrative law judge on the workings of Rule 43(b)(1) establishes that the issues addressed in our order are contestable and subject to differences of opinion.

IV. **Will an interlocutory appeal materially advance the litigation?**

Pursuant to Section 1292(b), this Court should only certify an interlocutory appeal if the controlling legal issues "may materially advance the ultimate termination of the litigation." 28

5

U.S.C. § 1292(b). If the Seventh Circuit reverses our decision regarding subject matter jurisdiction, then the case will have to be dismissed. Accordingly, it makes much more sense for these issues to be addressed by the Seventh Circuit now, as opposed to at the conclusion of the lawsuit. It would be a substantial waste of not only this Court's judicial resources but also the personal funds of the defendants if this case were to proceed forward and then ultimately be reversed because the Seventh Circuit determined we did not possess subject matter jurisdiction over the lawsuit in the first place.

## CONCLUSION

For the foregoing reasons, the defendants' motion for certification pursuant to 28 U.S.C. § 1292(b) is hereby granted. The following two questions meet the requirements of Section 1292(b): 1) If the SEC invokes this Court's jurisdiction under the duty officer rule, may the Court assume that the duty officer formed an opinion regarding urgency at the time the action was authorized as required under Rule 43(b)(1), 17 C.F.R. § 200.43(b)(1)?; and 2) Does Rule 43(c), 17 C.F.R. § 200.43(c), allow the SEC to cure an action of the duty officer which was taken in violation of Rule 43(b)(1) in the first instance? Instruction by the Seventh Circuit on these issues would be invaluable to regulators, lawmakers, courts, and litigants alike, especially in an era during which confirmation of presidential appointees is less than swift and certain. Therefore, this Court's order of November 21, 2002 is certified to the Seventh Circuit Court of Appeals for interlocutory review.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: January 29, 2003