# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 2180 | **DATE** | 6/25/2004 |
| **CASE TITLE** | S.E.C. vs. Dean L. Buntrock et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For all of the foregoing reasons, we deny defendant Dean Buntrock's objections [112-1] and affirm Magistrate Judge Bobrick's 9/8/2003 order granting the SEC's motion for protective order and to quash Buntrock's Rule 30(b)(6) notice of deposition. Buntrock's motion [111-1] in the alternative and in limine for an order precluding the SEC from offering testimony at trial concerning the matters set forth in Schedule A to Buntrock's notice of deposition pursuant to Rule 30(b)(6) is denied without prejudice.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 9 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JXM | 148 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| | | 2004 JUN 25 PM 4:59 | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 02 C 2180 |
| v. | ) ) | Wayne R. Andersen |
| DEAN L. BUNTROCK, PHILLIP B. ROONEY, JAMES E. KOENIG, THOMAS C. HAU, HERBERT A. GETZ, and BRUCE D. TOBECKSEN, | ) ) ) ) ) | District Judge |
| Defendants. | ) | |

DOCKETED
JUN 29 2004

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Dean Buntrock's objections to the order entered by Magistrate Judge Bobrick on September 8, 2003 granting the Securities and Exchange Commission's motion for a protective order and to quash Buntrock's Rule 30(b)(6) deposition notice. Buntrock also has filed a motion in the alternative and *in limine* for an order precluding the SEC from offering testimony at trial concerning the matters set forth in Schedule A to Buntrock's notice of deposition pursuant to Rule 30(b)(6). For the following reasons, we affirm Judge Bobrick's order and deny Buntrock's objections. The motion in the alternative and *in limine* for an order precluding the SEC from offering certain testimony at trial is denied without prejudice.

## BACKGROUND

The Securities and Exchange Commission ("SEC") filed this action against Buntrock and other former officers of Waste Management, Inc. alleging that they violated federal securities laws for over five years by manipulating the company's stock price. According to the SEC's

138-page complaint, this resulted in a $1.7 billion accounting restatement but not before the defendants had received handsome profits through inflated bonuses and insider trading.

On May 23, 2003, Buntrock served the SEC with a Federal Rule Civil Procedure 30(b)(6) notice of deposition which required the SEC to identify and produce for deposition an individual who could testify on the SEC's behalf about the subject matters delineated in the notice. The information sought from the SEC basically involved the results of the SEC's investigation of Waste Management, the alleged fraudulent accounting practices and resulting restatement and alleged ill-gotten gains retained by defendants as a result of the alleged fraudulent accounting practices. The SEC objected to the 30(b)(6) notice of deposition, arguing that it would require the SEC to produce its attorneys for deposition and that it was an impermissible invasion into the SEC's attorney work product.

After reviewing the parties' submissions, Magistrate Judge Bobrick found that Buntrock's 30(b)(6) notice of deposition was an inappropriate attempt to depose opposing counsel and to delve into the mental impressions, legal theories and opinions of SEC attorneys. Judge Bobrick issued a protective order and quashed Buntrock's notice of deposition. Buntrock has filed his objections to Judge Bobrick's order and now requests that this Court vacate the order entered by Judge Bobrick on September 8, 2003 and order the SEC to designate and produce one or more individuals for a 30(b)(6) deposition.

## DISCUSSION

### A.  Standard of Review

Magistrate Judge Bobrick's order is reviewed by this Court under the "clearly erroneous" or "contrary to law" standard. FED.R.CIV.P. 72(a); 28 U.S.C. § 636(b)(1)(A). "The clear error

standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

### B. Objections to Magistrate Judge Bobrick's Order Granting a Protective Order to the SEC and Quashing Buntrock's 30(b)(6) Notice of Deposition

Magistrate Judge Bobrick found that Buntrock's 30(b)(6) notice of deposition impermissibly sought to delve into the theories and opinions of SEC attorneys and to depose opposing counsel. We agree with Judge Bobrick's analysis and conclusions. Relying on *SEC v. Rosenfeld*, 1997 WL 576021 (S.D.N.Y. Sept. 16, 1997), Judge Bobrick concluded that the 30(b)(6) notice amounted to an attempt to depose opposing counsel. Judge Bobrick noted: "The investigation in this matter was conducted by SEC attorneys and by SEC employees working under the direction of attorneys. Thus, the 30(b)(6) notice "would necessarily involve the testimony of attorneys assigned to the case, or require those attorneys to prepare other witnesses to testify." Sept. 8, 2002 Order, at * 4. Similarly, the court in *Rosenfeld* also noted that any witnesses that would be designated "would have to have been prepared by those who conducted the investigation and since the investigation was conducted by SEC attorneys, preparation of the witnesses would include disclosure of the SEC's attorney's legal and factual theories . . . and their opinions as to the significance of documents, credibility of witnesses, and other matters constituting attorney work product." 1997 WL 576021, at *2.

The court in *Rosenfeld* further explained that a protective order was justified because there was no demonstration that the information sought was not available by other means. *Id.* at *3. In the instant case, Buntrock claims that the information is not available through any other

means. However, thus far, the SEC has produced to defendants 200 boxes of documents which were collected during the SEC's investigation. These documents have been produced in hard copy as well as in a searchable computer database. The SEC also has produced a 12-page list of witnesses, investigative testimony from 49 witnesses and accompanying exhibits. The SEC also has provided defendants with evidentiary summaries from previous investigations and proceedings involving Waste Management's financial statements. Finally, the SEC has produced information on the elements and calculation of disgorgement sought from each defendant.

As stated above, Magistrate Judge Bobrick explained that the notice seeks, if not the deposition of opposing counsel then the practical equivalent thereof and noted that courts in this district generally have taken a critical view of such a tactic. Order, at *6; *see also Johnstone v. Wabick*, 220 F. Supp. 2d 899 (N.D. Ill. 2002). Relying on *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), Judge Bobrick considered the three factors a party must satisfy when seeking to depose opposing counsel: (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information sought is crucial to the preparation of the case. 805 F.2d at 1327. Judge Bobrick first considered whether there were any other means to obtain this information. After careful consideration of the parties' arguments, Judge Bobrick concluded that Buntrock's arguments on this factor were "unconvincing" given the staggering amount of evidence that the SEC already has produced.

In further support of his conclusion, Judge Bobrick noted that the initial disclosure of witnesses by Buntrock and the other defendants did not identify any SEC employees. Order, at *3. He also pointed out that in the four months following the agreed date to begin depositions, the SEC had taken three or four depositions while Buntrock had not noticed a single deposition

except for the 30(b)(6) notice he had sent to the SEC. *Id.* In light of all of these considerations, we agree with Judge Bobrick's conclusion that Buntrock failed to satisfy the first prong of the *Shelton* factors.

In consideration of the second *Shelton* factor, Judge Bobrick explained that "[t]he subject matter [Buntrock] seeks in his notice of deposition ... necessarily involves work product." *Id.* at *4. Buntrock, however, contends that he seeks the SEC's position on the facts supporting the allegations of wrongdoings. We agree with Judge Bobrick's analysis that "what Buntrock describes as 'facts' are not merely facts at all, but legal theories and explanation of those theories: the SEC's legal position in this case, and how it arrived at that position." *Id.*

Indeed, through its attorneys, the SEC conducted an investigation of Buntrock and the other defendants prior to filing the complaint in this matter, and in the discovery phase of this case, the SEC has produced to defendants the facts collected during that investigation. No one at the SEC has any firsthand knowledge of the facts at issue in this case. Like Judge Bobrick, other courts presented with 30(b)(6) notices similar to Buntrock's have reached the same conclusion. *See, e.g., Rosenfeld*, 1997 WL 576021, at *3; *EEOC v. HBE Corp.*, 157 F.R.D. 465, 466 (E.D. Mo. 1994) ("The defendant asserts that it is seeking to 'explore the factual bases of the claim made by Plaintiff. As defendant well knows, it is the selection and compilation of the relevant facts that is at the heart of the work product doctrine."); *SEC v. Morelli*, 143 F.R.D. 42, 47 (S.D.N.Y. 1993) ("[T]he Court finds that the proposed Rule 30(b)(6) deposition constitutes an impermissible attempt by defendant to inquire into the mental processes and strategies of the SEC."). This Court has no doubt that Buntrock is not entitled to the type of discovery he seeks in

5

his 30(b)(6) notice of deposition and that the deposition notice impermissibly seeks to invade the SEC's attorney work product.

Finally, Magistrate Judge Bobrick also concluded that Buntrock failed to demonstrate that the information he sought is crucial to the preparation of his case. As noted above, Judge Bobrick found it telling that the initial disclosure of witnesses by Buntrock and the other defendants did not include any witness list naming the SEC and any SEC employees. Order, at *3. In addition, Judge Bobrick noted that in the four months after discovery had begun and the parties could begin to take depositions, the SEC had taken three or four depositions while Buntrock had not noticed a single deposition except for the 30(b)(6) notice sent to the SEC. *Id.* In light of these facts, Judge Bobrick was not persuaded, and neither are we, that Buntrock satisfied his burden to take the deposition of opposing counsel.

### C. Buntrock's Motion in the Alternative and *In Limine* to Preclude Testimony at Trial

Buntrock also filed a motion in the alternative and *in limine* for an order precluding the SEC from offering testimony at trial concerning information sought in Buntrock's Rule 30(b)(6) notice of deposition. At this time, that motion is denied without prejudice. However, this Court notes that it has great doubt about the validity of some of the arguments raised in Buntrock's motion. In affirming Magistrate Judge Bobrick's order, this Court simply has granted the SEC the same protections provided to all litigants and shielded from discovery the impressions, conclusions, opinions and legal theories of the SEC's lawyers who are prosecuting this enforcement action.

6

It is the SEC's investigative files, as gathered and organized from third parties, which constitute the sources of the underlying facts of this case, and this information has been produced and made available to defendants. The only information that has been protected are the materials and information reflecting the mental impressions, conclusions and legal theories of the SEC's attorneys involved in the litigation. It is the mental impressions, conclusions and legal theories of the SEC's attorneys that will serve as the basis for the SEC's case, and it is highly unlikely that any court would grant a *motion in limine* preventing a litigant from relying on his attorney's mental impressions, conclusions and legal theories when presenting his case at trial.

## CONCLUSION

For all of the foregoing reasons, we deny defendant Dean Buntrock's objections [#112-1] and affirm Magistrate Judge Bobrick's September 8, 2003 order granting the SEC's motion for protective order and to quash Buntrock's Rule 30(b)(6) notice of deposition. Buntrock's motion [#111-1] in the alternative and *in limine* for an order precluding the SEC from offering testimony at trial concerning the matters set forth in Schedule A to Buntrock's notice of deposition pursuant to Rule 30(b)(6) is denied without prejudice.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: June 25, 2004