IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECURITIES AND EXCHANGE )
COMMISSION, )
 )
       Plaintiff, )
 ) No. 02 C 2180
v. )
 ) Wayne R. Andersen
DEAN L. BUNTROCK, PHILLIP B. ) District Judge
ROONEY, JAMES E. KOENIG, )
THOMAS C. HAU, HERBERT A. )
GETZ, and BRUCE D. TOBECKSEN, )
 )
       Defendants. )

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Securities and Exchange Commission's ("SEC") motion to strike defendants' affirmative defenses. For the following reasons, the motion is granted in part and denied in part.

## INTRODUCTION

In this order, this court assumes a familiarity with the facts of this case and adopts the facts as set forth in this court's previous opinions in this matter. *See SEC v. Buntrock*, 2004 WL 1179423 (N.D. Ill. May 25, 2004); *SEC v. Buntrock*, 2002 WL 31681476, (N.D. Ill. Nov. 26, 2002). The SEC asserts that the defendants violated Section 17(a) of the Securities Act of 1933 ("Securities Act"), sections 10(b) and 13(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as well as Exchange Act rules 10b-5, 12b-20, 13a-1 and 13a-13.

# DISCUSSION

## I. STANDARD OF REVIEW

Upon motion by a party or the court's own initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike "serves a useful purpose by eliminating insufficient defenses and saving the time and expense that otherwise would be spent litigating issues that will not effect the outcome of the case." *SEC v. Randy*, 1995 WL 616788, at *3 (N.D. Ill. Oct. 17, 1995). In considering a motion to strike, this court applies a three-part analysis to test the sufficiency of an affirmative defense: (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge. *Yash Raj Films (USA) Inc. v. Atlantic Video*, 2004 WL 1200184, at *2 (N.D. Ill. May 28, 2004).

## II. DEFENDANTS CANNOT RE-ASSERT THE DEFENSES THIS COURT FOUND TO BE LEGALLY INSUFFICIENT IN ITS NOVEMBER 26, 2002 OPINION

As their first affirmative defense, defendants Buntrock, Rooney and Koenig state that: "This Court lacks subject matter jurisdiction over this action because it was not properly authorized by a quorum of the Commission or by a duly appointed duty officer who made the requisite finding." Defendants raised this issue in their motion to dismiss the SEC's complaint, which was denied by this court in its November 26, 2002 opinion. Thus, for the reasons set forth in this court's November 26, 2002 opinion, defendants Buntrock, Rooney and Koenig's Affirmative Defenses #1 are stricken. *See SEC v. Randy*, 1995 WL 616788, at *4 (granting motion to strike affirmative defense of lack of subject matter jurisdiction because the court had denied defendant's motion to dismiss on the same grounds).

## III. DEFENDANTS CANNOT RE-ASSERT THE DEFENSES THIS COURT FOUND TO BE LEGALLY INSUFFICIENT IN ITS MAY 25, 2004 OPINION

### A. The SEC Does Not Have Standing or Authority to Seek Disgorgement

Defendants Buntrock, Rooney and Koenig raised this argument in their motions to dismiss, and it was rejected by this court in its May 25, 2004 opinion. Thus, for the reasons set forth in this court's May 25, 2004 opinion, Buntrock and Rooney's Affirmative Defense #2 and Koenig's Affirmative Defenses #2 and 3 are stricken.

### B. CLAIMS FOR DISGORGEMENT ARE BARRED BY THE STATUTE OF LIMITATIONS

Defendants Buntrock, Rooney and Koenig raised this argument in their motions to dismiss, and it was rejected by this court in its May 25, 2004 opinion. Thus, for the reasons set forth in this court's May 25, 2004 opinion, Buntrock, Rooney, and Koenig's Affirmative Defenses #6 are stricken.

### C. CLAIMS FOR PENALTIES ARE BARRED BY THE STATUTE OF LIMITATIONS

Defendants Buntrock, Rooney and Koenig raised this argument in their motions to dismiss, and it was rejected by this court in its May 25, 2004 opinion. Thus, for the reasons set forth in this court's May 25, 2004 opinion, Buntrock, Rooney, and Koenig's Affirmative Defenses #7 are stricken.

### D. SECTION 21(a) PENALTIES ARE BARRED BY THE STATUTE OF LIMITATIONS

Defendants Buntrock and Rooney raised this argument in their motions to dismiss, and it was rejected by this court in its May 25, 2004 opinion. Thus, for the reasons set forth in this court's May 25, 2004 opinion, Buntrock and Rooney's Affirmative Defenses #8 are stricken.

### E. AIDING AND ABETTING CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Defendants Buntrock, Rooney, Koenig, Hau and Getz raised this argument in their motions to dismiss, and it was rejected by this court in its May 25, 2004 opinion. Thus, for the reasons set forth in this court's May 25, 2004 opinion, Buntrock and Rooney's Affirmative Defenses #9, Koenig's Affirmative Defenses #8, Hau's Affirmative Defense # 6, and Getz's Affirmative Defense #1 are stricken.

### F. THERE IS NO AUTHORITY FOR A CLAIM FOR AIDING AND ABETTING PURSUANT TO SECTION 17(a) OF THE SECURITIES ACT

Defendant Hau raised this argument in his motion to dismiss, and it was rejected by this court in its May 25, 2004 opinion. Thus, for the reasons set forth in this court's May 25, 2004 opinion, Hau's Affirmative Defense #5 is stricken.

### G. THE SEC LACKS STANDING OR AUTHORITY TO SEEK A CLAIM OF CONTROL PERSON LIABILITY UNDER SECTION 20(a)

Defendants Buntrock and Rooney raised this argument in their motions to dismiss, and it was rejected by this court in its May 25, 2004 opinion. Thus, for the reasons set forth in this court's May 25, 2004 opinion, Buntrock and Rooney's Affirmative Defenses #10 are stricken.

### H. NO AUTHORITY TO PROMULGATE RULE 13b2-1

Defendants Koenig and Hau raised this argument in their motions to dismiss, and it was rejected by this court in its May 25, 2004 opinion. Thus, for the reasons set forth in this court's May 25, 2004 opinion, Koenig's Affirmative Defenses #15 and Hau's Affirmative Defense #7 are stricken. Defendant Getz has voluntarily withdrawn his Affirmative Defense #2.

I.  ANY ALLEGED MISSTATEMENTS WERE NOT MATERIAL

Defendants Koenig and Hau raised this argument in their motions to dismiss, and it was rejected by this court in its May 25, 2004 opinion. Thus, for the reasons set forth in this court's May 25, 2004 opinion, Koenig's Affirmative Defenses #13 and Hau's Affirmative Defense #3 are stricken

IV.  THE SEC IS NOT BARRED FROM SEEKING DISGORGEMENT

Defendants Buntrock, Rooney, Koenig and Hau each assert as affirmative defenses that the SEC's enforcement action is barred in whole or in part by either decisions of the Board of Directors of Waste Management, Inc. prior settlements and/or orders in other litigation. This court disagrees. The SEC is not barred by any decisions of the Waste Management Board of Directors or previous orders or settlements in other actions to which the SEC was not a party. *SEC v. Penn Central Co.*, 425 F. Supp. 593, 599 (E.D. Pa. 1976). Thus, Buntrock's Affirmative Defenses #3 and 4, Rooney's Affirmative Defenses #3 and 4 and Koenig's Affirmative Defenses #4 and 5 are stricken.

V.  STATE LAW DOES NOT BAR THE SEC'S CLAIMS

Defendants Buntrock and Rooney each assert as an affirmative defense that the SEC's claims are barred in whole or in part by Section 141(e) of the Delaware General Corporation Laws. This court disagrees. State law protections cannot bar any federal action. *SEC v. Keating*, 1992 WL 207918, at *4 (C.D. Cal. July 23, 1992). Thus, Buntrock and Rooney's Affirmative Defenses #11 are stricken.

## VI. DEFENDANTS KOENIG AND HAU'S CONTENTIONS OF GOOD FAITH AND RELIANCE ON OTHERS ARE NOT COGNIZABLE AFFIRMATIVE DEFENSE

Defendants Koenig and Hau each assert as affirmative defenses that they acted in good faith and relied on others, including Waste Management personnel and the auditors, Arthur Andersen. These contentions are not legally cognizable affirmative defenses. Rather, these general contentions relate to the element scienter for the claims under Section 10(b) of the Exchange Act. These matters already have been put at issue through defendants Koenig and Hau's denials of the scienter allegations in the complaint. Thus, Koenig's Affirmative Defenses #11, 12 and 13 and Hau's Affirmative Defenses #1, 2 and 4 are stricken.

## VII. THE CONCLUSORY DEFENSES OF LACHES AND SPOLIATION OF EVIDENCE ARE LEGALLY INSUFFICIENT

Defendants Buntrock, Rooney and Koenig each allege laches and spoliation of evidence as affirmative defenses. Defendants, however, state nothing more than the basic assertion that the SEC's claims are barred by laches and spoliation of evidence. This conclusory defense is not legally sufficient and, without more, should be stricken. *Fleet Business Credit Corp. v. National City Leasing Corp.*, 191 F.R.D. 568, 569-70 (N.D. Ill. 1999); *Pattern Makers' Pension Trust Fund v. Production Pattern Shop, Inc.*, 1998 WL 173299, at *2 (N.D. Ill. April 7, 1998). Thus, Buntrock and Rooney's Affirmative Defenses #12 and 13 and Koenig's Affirmative Defenses #9 and 10 are stricken, but defendants are given leave to re-plead the affirmative defenses with sufficient particularity.

## VIII. DEFENDANTS BUNTROCK AND ROONEY'S AFFIRMATIVE DEFENSES #5 ARE PROPER

In their Affirmative Defenses #5, defendants Buntrock and Rooney assert that any claim for disgorgement should be offset by amounts paid or given up in connection with settlement of the action *In re Waste Management, Inc. Shareholders Litigation*, Consol., C.A. No. 163737 N.C. (Del. Ch.). If, in fact, defendants did not receive certain alleged proceeds or profits that the SEC is seeking to disgorge, then this court can imagine a scenario in which an order of disgorgement, if any, would take into consideration amounts already paid or given up by Buntrock and/or Rooney in connection with the settlement of related litigation. At this stage in the litigation, Buntrock and Rooney's Affirmative Defenses #5 are proper, and the SEC's motion to strike their Affirmative Defenses #5 is denied.

## IX. DEFENDANT BUNTROCK'S AFFIRMATIVE DEFENSES #14, 15, AND 16 ARE PROPER IN LIGHT OF THE 7TH CIRCUIT'S OCTOBER 29, 2003 OPINION

Defendant Buntrock's Affirmative Defenses #14, 15, and 16 appear to be conclusory summaries of the allegations in the complaint *Buntrock v. SEC*, No. 02 C 1274, which was dismissed by this court on February 6, 2003. The Seventh Circuit affirmed the decision of this court to dismiss Buntrock's complaint. In affirming that decision, the Seventh Circuit characterized Buntrock's complaint as "seriously frivolous" and stated that Buntrock's attempt to seek relief by a separate lawsuit had "no basis in law or common sense." *Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003). Nonetheless, the Seventh Circuit did acknowledge that Buntrock was "free to replead his complaint as a defense to the SEC's suit." *Id.* Thus, at this stage, this court will not strike Buntrock's Affirmative Defenses #14, 15, and 16. However, as the Seventh Circuit opined, this court also is compelled to note that "if the SEC or it staff violated legal or

ethical rules governing its investigations in deciding to bring suit against Buntrock, that may be sanctionable conduct, but it is not, without more, a defense to the SEC's suit." *Id.* at 998.

## X. DEFENDANT BUNTROCK'S AFFIRMATIVE DEFENSE #17 IS PROPER

In his Affirmative Defense #17, defendant Buntrock asserts that he is not liable for disgorgement of the trading proceeds received by a legal charitable foundation. The SEC argues that Buntrock's Affirmative Defense #17 should be stricken because it is legally insufficient and "bogus." This court disagrees. Disgorgement is designed to deprive the alleged wrongdoer of its actual profits. *SEC v. Collins*, 2003 WL 21196236, at *5 (N.D. Ill. May 21, 2003). In this case, a non-party charitable foundation, not defendant Buntrock, received proceeds from the sale of stock. At this stage in the litigation, Buntrock's Affirmative Defense #17 is proper, and the SEC's motion to strike Buntrock's Affirmative Defense #17 is denied.

## CONCLUSION

For the foregoing reasons, the SEC's motion to strike defendants' affirmative defenses and other matters [159-1] is granted in part and denied in part. Specifically, as to defendant Buntrock, the SEC's motion to strike is granted as to Buntrock's Affirmative Defenses #1, 2, 3, 4, 6, 7, 8, 9, 10 and 11 and denied as to Affirmative Defenses #5, 14, 15, 16 and 17. In regard to Buntrock's Affirmative Defenses #12 and 13, the motion to strike is granted, but defendant is given leave to re-plead with greater specificity. As to defendant Rooney, the SEC's motion to strike is granted as to Rooney's Affirmative Defenses #1, 2, 3, 4, 6, 7, 8, 9, 10 and 11. Rooney's Affirmative Defense #5 may stand. In regard to Rooney's Affirmative Defenses # 12 and 13, the motion to strike is granted, but defendant is given leave to re-plead with greater specificity. As to defendant Koenig, the SEC's motion to strike is granted as to Koenig's Affirmative Defenses

#1, 2, 3, 4, 5, 6, 7, 8, 11, 12, 13, 14 and 15 is granted. In regard to Koenig's Affirmative Defenses #9 and 10, the motion to strike is granted, but defendant is given leave to re-plead with greater specificity. As to defendant Hau, the SEC's motion to strike is granted as to Hau's Affirmative Defenses #1, 2, 3, 4, 5, 6 and 7. As to defendant Getz, the SEC's motion to strike is granted as to Getz's Affirmative Defense #1, and Getz voluntarily withdrew Affirmative Defense #2.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 24, 2005