# DECLARATION OF ROBERT W. POMMER III

# EXHIBIT 12.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SECURITIES AND EXCHANGE COMMISSION, )
)
           Plaintiff, )
)
vs. )   No. 02 C 2180
)
DEAN L. BUNTROCK, PHILLIP B. ROONEY, )   Hon. Wayne R. Andersen
JAMES E. KOENIG, THOMAS C. HAU, )
HERBERT A. GETZ, and BRUCE D. )
TOBECKSEN, )
)
           Defendants. )
)

## DEFENDANT JAMES E. KOENIG'S
## MEMORANDUM IN OPPOSITION
## TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants Buntrock, Rooney and Koenig have filed a Joint Memorandum of Defendants Buntrock, Rooney and Koenig in Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses (the "Joint Memorandum") setting forth the reasons why Rooney, Buntrock and Koenig should be allowed to present those defenses which they have in common. Mr. Koenig also submits this Memorandum in Opposition to address several additional affirmative defenses which he has asserted (Affirmative Defenses 11-14).[1] The SEC's motion to strike should be denied in all respects, and the Defendants should be allowed to defend this case on the merits.

---

[1] The SEC also moved to strike Koenig's Fifth Affirmative Defense. Koenig does not respond to the SEC's motion with respect to his Fifth Affirmative Defense, as he hereby withdraws that defense.

A.  **Koenig's Good Faith Reliance On Outside Auditors And Others**
    (Koenig's Eleventh, Twelfth and Fourteenth Affirmative Defenses)

The benefit of any doubt as to whether something constitutes an affirmative defense should be given the pleader. *See Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982). The "cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category. . . ." *Id.* at 736. This is especially true where, as here, Mr. Koenig has pleaded as affirmative defenses matters that present questions of fact regarding disclosure to auditors and good faith reliance. *See SEC v. Randy*, No. 94 C 5902, 1995 WL 616788, at *3 (N.D. Ill. Oct. 17, 1995) ("[A]n affirmative defense will not be stricken if it is sufficient as a matter of law or if it presents questions of law or fact."). If there exists any real doubt about Mr. Koenig's right, under his denial, to offer proof of these matters, affirmative defenses Eleven, Twelve and Fourteen should not be stricken. *See Tome Engenharia E. Transporrtes, Ltd. v. Malki*, No. 94 C 7427, 1996 WL 172286, at *10 (N.D. Ill. Apr. 11, 1996), citing *Instituto Nacional de Comercializacion Agricola (Indeca) v. Continental Illinois Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983); *Bobbitt*, 532 F. Supp. at 736-37.

There is a second reason why the SEC's motion should be denied as to these affirmative defenses. Dismissal of these defenses will not promote the disposition of the case on the merits. Mr. Koenig wishes to preserve the right to argue the substantive merits of the defenses later in his case, whether they are deemed affirmative defenses or denials of the SEC's allegations. *See Northwestern Corp. v. Gabriel Mfg. Co.*, No. 95 C 2004, 1996 WL 732519, at *14 (N.D. Ill. Dec. 18, 1996) ("striking an affirmative defense on technical grounds does not necessarily preclude the party from asserting or arguing its substantive merits later in the case"). Reliance on auditors and others is a well-established defense. That an officer of a company consulted with independent auditors is evidence that weighs heavily against a finding of scienter. *In re*

*Digi Int'l, Inc., Sec. Litig.*, No. 00-3162, 00-3227, 2001 WL 753869, at *2 (8th Cir. July 5, 2001) (unpublished opinion, attached as Exhibit A); *see also In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654 (E.D. Va. 2001). The fact that independent auditors reviewed the company's filings and conferred with the CFO about transactions in question negates a finding that the CFO acted with scienter. *In re Digi Int'l, Inc. Sec. Litig.*, No. 97-5, slip. op. at 15 n.7 (D. Minn. Aug. 17, 2000) ("*Digi II*")(attached hereto as Exhibit B).

The nature and extent of the accounting issues involved in preparing Waste Management's consolidated financial statements was extremely complicated, involving numerous issues of judgment subject to differing interpretations among accountants. Under these circumstances, a defendant can show good faith reliance through consultation with, and reliance upon, others even where the accounting issues are hotly contested, both contemporaneously and in hindsight. *See id.*, No. 97-5, slip op. at 14-15 (holding the CFO did not have the requisite intent for securities fraud in light of the fact that he had reviewed the accounting literature and consulted with outside auditors, even though other accounting experts might have disagreed with their conclusions). Mr. Koenig was entitled to rely upon the conclusions reached by Arthur Andersen in issuing "clean opinions" on the financial statements. *See Stavroff v. Meyo*, No. 95-4118, 1997 WL 720475, at *6, 129 F.3d 1265 (6th Cir. Nov. 12, 1997) (affirming dismissal of securities fraud claims against company, CEO and CFO because "a company's reliance on the guidance of outside auditors is inconsistent with the intent to defraud") (unpublished opinion, attached as Exhibit C).[2]

---

[2] *See also SEC v. Wills*, 472 F. Supp. 1250, 1262 (D.D.C. 1978) (dismissing fraud claim because reliance on outside auditors "in determining the structure and accounting treatment of [the] transaction" negates inference of fraudulent intent or recklessness); *Mathews v. Centex Telemanagement, Inc.*, No. C-92-1837-CAL, 1994 WL 269734, at *7 (N.D. Cal. June 8, 1994) (rejecting scienter allegations because "[d]efendants also conferred with and relied in good faith on their outside auditor"); *Newton v. Uniwest Fin. Corp.*, 802 F. Supp. 361, 367-68 (D. Nev. 1990)(granting summary judgment for defendant because

Mr. Koenig has also asserted that he exercised his duties as Chief Financial Officer in good faith (*see* Koenig's Eleventh Aff. Def.), and in order to carry out those duties effectively, he necessarily relied in good faith on others to provide accurate information. For instance, he was entitled to rely in good faith on the financial and accounting information submitted to the Company by its subsidiaries. *See Chill v. General Elec. Co.*, 101 F.3d 263, 269-70 (2d Cir. 1996) (concluding that company was not reckless in relying on financial reporting of third-tier subsidiary); *see also Glickman v. Alexander & Alexander Servs. Inc.*, No. 93 CIV. 7594 (LAP), 1996 WL 88570, at *15 (S.D.N.Y. Feb. 29, 1996) (concluding that reliance on subsidiary's income statements, which forced a subsequent restatement, was at most evidence of negligence or mismanagement and insufficient to show fraud). Likewise, he was entitled to rely in good faith upon others within the Company to ensure that the information upon which he relied in signing the Company's financial disclosures was accurate.

Whereas a motion to strike may serve a useful purpose "in saving the time and expense that otherwise would be spent litigating issues that will not affect the outcome of the case," that is not the case here. *Northwestern Corp.*, 1996 WL 732519, at *14. Whether presented as affirmative defenses or denials of the SEC's allegations, answers to the questions of fact raised in affirmative defenses Eleven, Twelve and Fourteen are part of Mr. Koenig's defense to the SEC's allegations. The Eleventh, Twelfth and Fourteenth affirmative defenses should not be stricken.

### B. The Alleged Misstatements Are Not Material
### (Koenig's Thirteenth Affirmative Defense)

As his Thirteenth Affirmative Defense, Mr. Koenig asserts that the price of Waste Management stock rose upon the issuance of the Restatement of Waste Management's financial statements on February 24, 1998, and therefore none of the alleged misstatements by its officers

---

plaintiff presented no evidence to counter defense of good faith reliance on accountant), *aff'd*, 967 F.2d 340 (9th Cir. 1992).

4

and directors were material. Mr. Koenig previously raised failure of materiality in his motion to dismiss, and this Court ruled that issues of fact with respect to materiality prevented dismissal. *SEC v. Buntrock*, No. 02 C 2180, 2004 WL 1179423, *5 (N.D. Ill. May 25, 2004). The Court did not hold, as the SEC now asserts, that the immateriality defense is "legally insufficient." Because a finding of immateriality would defeat the SEC's claims under Section 17(a) of the Securities Act, Sections 10(b) and 13(a) of the Exchange Act, and Exchange Act Rules 10b-5, 12b-20, 13a-1, 13a-13 and 13b2-2, Mr. Koenig should be allowed to introduce affirmative evidence of such at trial, and the SEC's motion to strike Mr. Koenig's Thirteenth Affirmative Defense should be denied.

## CONCLUSION

For the reasons set forth in the Defendants' Joint Memorandum, as well as those reasons set forth above, the SEC's Motion to Strike Defendants' Affirmative Defenses and Other Matter in Answer should be denied.

DATED: September 2, 2004

Respectfully submitted,

_____
Sarah R. Wolff
Jonathan S. Quinn
Matthew J. O'Hara
Lisa A. Kistler
SACHNOFF & WEAVER, LTD.
30 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
(312) 207-1000

*Attorneys for Defendant James E. Koenig*
687700