

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) No. 02 C 2180<br>) |
| v. | )<br>) |
| JAMES E. KOENIG, | )<br>) |
| Defendant. | )<br>) |

## AMENDED FINAL JUDGMENT

Having considered the evidence, briefs, and arguments of the parties, having made findings of fact and conclusions of law in the Memorandum Opinion and Order dated December 3, 2007, having found in favor of the Securities and Exchange Commission and against Defendant James E. Koenig ("Defendant"), and having considered the Stipulation and Order, dated 7/25/11, the Court now enters this Amended Final Judgment pursuant to Rule 58(a) of the Federal Rules of Civil Procedure as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13], by knowingly providing substantial assistance to an issuer of a security registered pursuant to Section 12 of the Exchange Act or registered on a national securities exchange, that, directly or indirectly, in a report filed with the Commission:

(1) makes or causes to be made a materially false or misleading statement; or

(2) omits to state, or causes another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)], by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section

12 of the Exchange Act [15 U.S.C. § 78l] or an issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], and that, directly or indirectly, fails to make and keep books, records and accounts which, in reasonable detail, fairly and accurately reflect the transactions and disposition of the assets of the issuer.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1], by falsifying or causing to be falsified any book, record, or account subject to section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-2 [17 C.F.R. § 240.13b2-2], while an officer or director of an issuer, by

    (a)      making or causing to be made a materially false or misleading statement, or

    (b)      omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading,

to an accountant in connection with (i) any audit, review or examination of the financial statements of the issuer required to be made pursuant to the rules and regulations of the Exchange Act, 17 C.F.R. §§ 240.0-1 et seq., or (ii) the preparation or filing of any document or report required to be filed with the Commission.

### VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for an amount of $2,500,000. Of this sum, the amount of $1,250,000 is due upon entry of this Amended Final Judgment, to be satisfied as follows: (a) Defendant has already paid $831,500 of this initial amount, and (b) Defendant shall pay $418,500 within five business days after entry of this Amended Final Judgment, by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. Defendant shall satisfy the remaining obligation by paying $1,250,000 by certified checks, bank cashier's checks, or United States postal money orders payable to the Securities and Exchange Commission in four installments according to the following schedule: (1) $250,000 within 180 days of entry of this Amended Final Judgment; (2) $250,000 within 360 days of entry of this Amended Final Judgment; (3) $250,000 within 540 days of entry of this Amended Final Judgment; and (4)

$500,000 within 720 days of entry of this Amended Final Judgment. Each payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying James E. Koenig as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Amended Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and letter to John D. Worland, Jr., Securities and Exchange Commission, 100 F Street, N.E., Washington, D.C. 20549. If Defendant James E. Koenig fails to make any payment by the date herein ordered and/or in the amount herein ordered according to the schedule set forth above, and such failure is not cured within fourteen days of notice by the Securities and Exchange Commission to Defendant's counsel, all outstanding payments under this Amended Final Judgment, including post-judgment interest pursuant to 28 USC § 1961, calculated from the date of entry of this Amended Final Judgment, at the rate of 3.2%, compounded annually, minus any payments made, shall become due and payable immediately without further application to the Court. In the event Defendant defaults on any payments set forth in this Amended Final Judgment the remaining unpaid balance due shall be collected, and enforced by the Court, either as a judgment or remedy in equity, including, but not limited to, a proceeding for contempt, or pursuant to the Federal Debt Collections Procedure Act, at the discretion of the Commission. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing or modifying the terms of this Amended Final Judgment.

Dated: JUL 25 2011

UNITED STATES DISTRICT JUDGE